**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:15-cv-00378-MR
[CRIMINAL CASE NO. 3:08-cr-00096-MR-1]**

| | |
|---|---|
| **UNTAVION DEMON WATKINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

## I.    BACKGROUND

On April 25, 2008, Petitioner was charged with possession with intent to distribute at least 50 grams of cocaine base and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. [Criminal Case No. 3:08-cr-00096 ("CR"), Doc. 1: Bill of Indictment]. Petitioner pleaded guilty to this charge pursuant to a written plea agreement. On February 26, 2009, this Court sentenced Petitioner to a term of 172

months' imprisonment.  [CR Doc. 27: Judgment; CR Doc. 28: Statement of Reasons].  Petitioner did not appeal from this Judgment.

Petitioner filed the present motion on August 13, 2015.  In his motion, Petitioner he argues that he received ineffective assistance of counsel based on his counsel's failure to challenge the enhancement of his sentence based on a 2004 state conviction in light of the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  [Doc. 1 at 1].

Noting that Petitioner's motion appeared to be untimely, the Court entered an Order directing Petitioner to address the timeliness of his § 2255 Motion, and to explain why he should be entitled to equitable tolling of the statute of limitation.  [Doc. 2].  Petitioner was provided until September 17, 2015, to comply with the Court's Order.  To date, however, he has failed to submit a response.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and

concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was filed on March 6, 2009, and he did not appeal; therefore, his judgment became final ten days later on March 16, 2009. Petitioner filed this Motion to Vacate, however, over six years later.

Accordingly, Petitioner's motion is clearly untimely under § 2255(f)(1). Petitioner does not contend that his motion to vacate is timely under either § 2255(f)(2), (f)(3), or (f)(4), and therefore, the Court need not address the applicability of these provisions.

Further, Petitioner has failed to demonstrate that he is entitled to equitable tolling. To be entitled to equitable tolling, Petitioner must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010). Petitioner has failed to make the necessary showing for equitable tolling, and therefore, his motion to vacate must be dismissed as untimely.[1]

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion is untimely and that he has failed to establish a case for equitable tolling. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

---

[1] In any event, Petitioner's ineffective assistance claim is plainly without merit. At the time of Petitioner's guilty plea, his 2004 state drug conviction qualified as a felony under federal law. While that rule changed with the Simmons decision, counsel's failure to anticipate the new rule subsequently announced in Simmons is not grounds for an ineffective assistance claim. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995).

2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 6, 2015

Martin Reidinger
United States District Judge